## No. 9738.

### POLICE JURY OF PARISH OF JEFFERSON vs. AUGUSTIN MARRERO.

Held, that under the Section 6 of the State license law, Act 4, 2d Ex. Sess. of 1881, a retail dealer whose ordinary license would be five dollars, but who combines with said business the sale of liquors in less quantities than one pint, can only be required to pay a total license of $50, and not $55 as claimed by the parish.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson. Rost, J.

Police Jury vs. Marrero.

*S. S. Carlisle* for Plaintiff and Appellant.

*F. B. Earhart* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J.   The sole question presented for our consideration in this case is the proper construction of certain clauses of the 6th section of the license law of the State, Act No. 4, 2d Ex. Sess. of 1881.

The act imposed a license upon the business of "selling at retail," graduated in twenty-five classes according to the amount of gross sales, descending from a license of $3500 in the first class, where the sales amounted to $3,500,000, to a license of $5 00 in the twenty-fifth class, where the sales were less than $7500.   The section ends with the following proviso:

"Provided, that if any distilled, spirituous, vinous, malt or other kind of mixed liquors be sold in connection with the business of retail merchant, grocer, restaurant, oyster house, confectioner or druggist, unless it be sold by prescription of a licensed physician, in quantities of not less than one pint nor more than five gallons, the license for such combined business shall be double the foregoing; provided, that any one not pursuing any of the occupations mentioned in this section, selling spirituous, vinous, malt and other kinds of liquors in quantities less than five gallons, shall pay a license of fifty dollars ($50); and if any of the above mentioned liquors are sold in less quantities than one pint in connection with the business of retail merchant or grocer, restaurant or oyster house, or confectionery, the license shall be four times the above amount for said combined business; provided, no license shall issue to sell liquor in less quantities than a pint without paying a license not less than fifty dollars ($50)."

The defendant is a seller at retail, falling within the twenty-fifth class, whose sales are less than $7500, and his license thereon is *five dollars*.   In connection with his said business, he sells liquor "in less quantities than one pint," and the question is: what license is due by him?   Under the plain terms of the law it would be "four times the above amount," or twenty dollars, but for the final proviso which forbids the sale of liquor in less quantity than a pint by any one without paying a license "not less than fifty dollars."   The effect of this proviso is to except him from the general rule of paying four times his ordinary license, because that would be "less than fifty dollars," and to compel him to pay a license of fifty dollars in order to pursue the combined business.

57

The object of the law was to require from retail dealers who sold liquors in less quantities than one pint four times the license due without such sale. This would, in most cases, involve a license far exceeding fifty dollars. But as in some of the lowest classes, it would be less than $50, and as the law-maker was unwilling that any one should be licensed to sell liquor for a less tax than $50, he required these lowest classes to pay at least that amount. But he does not require them to pay $50 *in addition* to the ordinary tax, any more than he requires the higher classes to pay four times the ordinary tax *in addition* to that tax itself.

The contrary contention of the police jury has no merit, and the judge *a quo* did not err in confining the claim to $50, instead of $55 as charged.

We pay no attention to the complaints against the judgment below urged by the defendant, who is an appellee and has filed no prayer for amendment.

Judgment affirmed.